UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES M. DIDIER,<br><br>                      Plaintiff(s),<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>                      Defendant(s). | Case No. 2:16-cv-02127-JCM-CWH<br><br>ORDER |

       Presently before the court are *pro se* plaintiff James Didier's motions for temporary restraining order (ECF No. 6) and preliminary injunction (ECF No. 7).

       On September 8, 2016, *pro se* plaintiff filed a complaint "for unlawful eviction/lock out" and requested that a previous case be reopened. (ECF No. 1).

       In the instant motion, plaintiff requests "a stay of any further actions taken place regarding the wrongful eviction and most importantly the trash out of 'property' 7145 W. Landberg Ave. Las Vegas, NV. 89178." (ECF No. 6 at 1). Plaintiff asserts that a stay of fourteen (14) days will allow him to present factual allegations in support of his request. (ECF No. 6 at 2).

       Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65. "Injunctive relief is an extraordinary remedy and it will not be granted absent a showing of probable success on the merits and the possibility of irreparable injury should it not be granted." *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976).

**James C. Mahan**
**U.S. District Judge**

"The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of Cal. v. Coal. of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding scale test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotations marks omitted).

Here, plaintiff has failed to state any facts in support his motion, nor has he satisfied any of the requisite elements under *Winter*. Plaintiff merely asserts that "irreparable damages exceeding $75,000.00 will increase as of fourth [*sic*] scheduled trash out date" and that he has the right to present his facts to a jury. (ECF No. 6). Injunctive relief is an extraordinary remedy and plaintiff has not met his burden to show that such relief is warranted.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that *pro se* plaintiff's motion for temporary restraining order (ECF No. 6) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for preliminary injunction (ECF No. 7) be, and the same hereby is, DENIED.

DATED October 14, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -