# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES DIDIER,

        Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC, et al.,

        Defendants.

Case No. 2:16-cv-02127-JCM-CWH

**SCREENING ORDER AND REPORT AND RECOMMENDATION**

Presently before the court is pro se Plaintiff James Didier's application to proceed *in forma pauperis* (ECF No. 5), filed on September 23, 2016.

**I.** *In Forma Pauperis* **Application**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.** **Jurisdiction**

Before this court may consider Plaintiff's complaint (ECF No. 1-1), it must determine whether it has proper jurisdiction over this matter. "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Here, Plaintiff's claim does not invoke either diversity or federal question jurisdiction. Plaintiff, a citizen of Nevada, does not allege that any of named Defendants Nationstar Mortgage, LLC, Bank of New York Mellon, Aldridge Pite, LLP, or Carrington Real Estate Services are the citizen of another state, so this claim cannot proceed under diversity jurisdiction. Neither does Plaintiff raise any question of federal law, as the complaint alleges only state law claims of unlawful eviction and fraud. The court therefore does not find it has jurisdiction over this matter. The Court will dismiss Plaintiff's complaint with leave to amend. If Plaintiff chooses, he may file an amended complaint addressing the issues of jurisdiction noted above.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**III. Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS THEREFORE ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-1).

//
//
//
//
//

IT IS RECOMMENDED that the complaint (ECF No. 1-1) be DISMISSED without prejudice for the court's lack of jurisdiction in this matter. Plaintiff shall have leave to amend, if he so chooses.

IT IS FURTHER RECOMMENDED that be given a deadline to file an amended complaint.

DATED: September 7, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).